**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

December 11, 2012

**VIA ECF**
The Honorable Judge Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**RE: Palace v. I.C. System, Inc.**
    **12-CV-05604 (RJD) (RML)**

Dear Judge Dearie:

I represent the plaintiff in the above referenced matter. The defendant has filed a request for a pre-motion conference pursuant to Your Honor's Individual Motion Practices & Rules.  One of the reasons why some Courts mandate the filing of a request for a pre-motion conference by letter is to determine if there is any merit to such a motion. Although a District Court may not bar a party from filing a motion, if it is clear from the letter due to the clear lack of merit of the argument that no relief may be obtained, or where the letter contains irreconcilable or clearly inconsistent statements, the Court may in the interest of a useful expenditure of the parties' time construe a pre-motion letter as a motion and act on it, without affording the moving party any opportunity to file any further submission.

   In _Best Payphones, Inc. v. Manhattan Telecommc'ns Corp.,_ 2011 U.S. App. LEXIS  23528 (2d Cir. Nov. 23, 2011): The second circuit stated "**Here, however, the district court did not explicitly deny the request for a pre-motion conference. Rather, the court appears to have construed the Pre-Motion Letter as the motion itself …. In this Circuit, district judges have, in some cases, construed pre-motion letters as the motions themselves and denied the motions.** Although the Pre-Motion Letter requested a pre-motion conference and was styled as a letter rather than as a motion, the letter consisted of seven single-spaced pages laying out several claimed "irreconcilable or clearly inconsistent statements made by Appellee's counsel." …. **Given the length and detail of the Pre-Motion Letter and responses, and the clear lack of merit of the … argument, the district court did not abuse its discretion in construing the letter as a motion and denying the motion.** (Emphasis added)

In this case, even if the plaintiff does not respond to the defendant's letter for a pre-motion conference or for that matter even, if the plaintiff does not respond to the actual motion to dismiss the court would still deny the motion to dismiss since the court will weigh the motion to dismiss against the allegations in the complaint.

   "When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiff and decide whether the plaintiffs have pled a plausible claim for relief. The appropriate inquiry is not whether a plaintiff is likely to prevail, but whether the plaintiff is entitled to offer evidence to

support her claims. When deciding a motion to dismiss, a complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  In addition, the court must give plaintiff's claims "a liberal construction." <u>Palkovic v. Johnson,</u> 281 Fed. Appx. 63, 2008 U.S. App. LEXIS 12600 (2d Cir. 2008); <u>Johnson v. New York City Transit Auth.,</u> 639 F. Supp. 887, 891 (E.D.N.Y. 1986) (citing Haines v. Kerner. 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)). aff'd in part and vacated in part on other grounds, 823 F.2d 31 (2d Cir. 1987).

Opposing counsel uses the first page of his letter to summarize plaintiff's complaint and then states: *"Here, neither cause of action  s ets forth basic information such as the dates and times when IC's representatives allegedly called plaintiff, or the messages, if any, that were left in his voicemail. Furthermore, plaintiff does not set forth the basis for his belief that IC used an automatic dialer or prerecorded message. A plaintiff seeking to state a claim under the FDCPA is required to particularize these allegations. Gorman v. Wolpoff & Abramson, LLP, 370 F. Supp.2d 1005, 1013 (N.D. Cal. 2005); Hoover v. Midland Credit Mgmt. Inc., 10-CV-06856 (E.D. Penn. March 30, 2012)."*

Regretfully, I must inform the court that opposing counsel attempts to mislead the court by continuously misstating the case law. In *Gorman*, the plaintiff alleged that the defendant made harassing, threatening, abusive, oppressive, and annoying telephone calls. The plaintiff further alleged that the calls placed by the defendants were made at various times of day, including but not limited to early mornings and late in the evening. Addressing the plaintiff's vague and conclusory allegations of **<u>harassment</u>** the court in *Gorman* stated:

> "**Wolpoff & Abramson cannot be expected to craft a responsive pleading when Gorman fails to allege the date <u>or contents</u> of even one call that Wolpoff & Abramson allegedly made.** Moreover, even assuming that Wolpoff & Abramson called Gorman's place of employment, such a call does not violate § 1692c because Gorman does not allege that Wolpoff & Abramson had reason to know Gorman's employer prohibits the call. 15 U.S.C. § 1692c(a) (requiring debt collectors to know or have reason to know that the consumer's employer prohibits debt collection communications to trigger the duty to refrain from communicating). **Likewise, Gorman's allegation that he received "harassing, threatening, abusive, oppressive, and annoying telephone calls" is conclusory and insufficient to state a claim based on § 1692d**" (Emphasis added)

The plaintiff in the within matter does not make conclusory allegation of **<u>harassment</u>**, rather the plaintiff alleges a violation for the use of misleading representations [15 USC 1692e]. Specifically, the plaintiff alleges violations of 15 U.S.C. §§ 1692e(l0) and 1692e(ll) for leaving messages without disclosing that the communication is from a debt collector. Unlike a general allegation of harassment in order to meet the pleading requirements of 1692e(ll),[1] A plaintiff need only allege that the debt collector left messages which fail to disclose that the communication is from a debt collector. Furthermore, the *Gorman* court stated "that Gorman fails to allege the date **_or <u>contents</u>_** of even one call that Wolpoff & Abramson allegedly made." Besides for meeting the pleading requirements for 1692e(11) the plaintiff in this case does in fact allege the contents of the message by stating that the "**The callers failed to identify themselves as debt collectors attempting to collect a debt nor did they state their legal name and that the Defendant has engaged in a pattern of leaving messages without disclosing that the communication is from a debt collector. The said telephone messages are in violation of 15 U.S.C. §§ 1692e(l0) and 1692e(ll) for failing to indicate that the messages were from a debt collector which constitutes a deceptive practice.**"

---

1 See 15 USC 1692e **<u>False or misleading representations:</u>** A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:.

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.

Although the holding in Gorman clearly does not mandate the pleading of dates of calls especially when the **contents** of the calls are alleged in the complaint, ironically in the past the within defendant, I.C. System, has misrepresented the holding in *Gorman* and has still nevertheless failed

> In <u>Mullins v. I.C. Sys.</u>, 2007 U.S. Dist. LEXIS 45111, 8, 2007 WL 1795871 (D. Colo. June 21, 2007) The court stated "The Mullins' pleading alleges the contents of the telephone calls and is thus more detailed than the conclusory allegations of the Amended Complaint in Gorman. I respectfully disagree with Gorman to the extent it requires a plaintiff in an FDCPA action to plead specifically the date of each telephone call that allegedly violated the Act"

Furthermore, defendant also cites to and attaches *Hoover v. Midland Credit Mgmt*.  Yes again opposing counsel blatantly misstates the holding in another decision:

> In *Hoover v. Midland Credit Mgmt.*, 2012 U.S. Dist. LEXIS 46992, 14 (E.D. Pa. Mar. 30, 2012) The court stated "Ms. Hoover also avers that "upon information and belief, Defendant began contacting Plaintiff on her home telephone in its continued efforts to collect an alleged debt," and that: "Defendant's actions in attempting to collect the alleged debt were harassing, and highly deceptive." While Ms. Hoover avers that she believes MCM contacted her on her home telephone, Ms. Hoover has made no averments regarding either the frequency, timing, or substance any alleged phone calls from MCM.")

Since the frequency, timing, or substance of the phone calls in *Hoover* would go to the heart of pleading that the "Defendant's actions in attempting to collect the alleged debt were harassing and highly deceptive" the court disregarded "plaintiff's bare, conclusory assertions that the phone communications were "harassing" or "deceptive."  But in this case the plaintiff did in fact particularize the substance of the phone calls which were misleading representations [15 USC 1692e] specifically the plaintiff alleged a violation of 15 U.S.C. §§ 1692e(l0) and 1692e(ll) by leaving messages without disclosing that the communication is from a debt collector and unlike <u>harassment</u> there is nothing about the frequency or timing of the phone calls which is essential to a claim for "failing to disclose that the communication is from a debt collector."

Opposing counsel further states that *"in order to state a claim under the TCPA, plaintiff was required to allege the dates the calls were made; the number of calls made; the times of the day when the calls were made; the cellular telephone number allegedly called by IC; the basis for his belief that IC used an automatic dialer; and the basis for his belief that IC left a prerecorded message. Again, the failure by plaintiff to set forth this basic information is fatal to his TCPA claim."*

Under the TCPA, it is settled law[2] that the only thing Plaintiff must plead to establish a violation of the

---

2  *Pugliese v. Prof'l Recovery Serv.*, 2010 U.S. Dist. LEXIS 64111, 2010 WL 2632562 ( E.D. Mich. June 29, 2010) The court stated "To state a claim under the TCPA for calls made to a cellular phone, a plaintiff must establish that: (1) a call was placed to a cell or wireless phone, (2) by the use of any automatic dialing system and/or leaving an artificial or prerecorded message, and (3) without prior consent of the recipient. 47 U.S.C. § 227(b)(1)(A). The burden of establishing prior consent is on the defendant. See Pollock v. Bay Area Credit Service, LLC, No. 08-61101-Civ., 2009 U.S. Dist. LEXIS 71169, 2009 WL 2475167, **9-10 (S.D. Fla., Aug. 13, 2009)) *Brown v. Hosto & Buchan, PLLC*, 748 F. Supp. 2d 847, 859-860, 2010 U.S. Dist. LEXIS 116759 (W.D. Tenn. 2010) (The court stated "Under 47 U.S.C. § 227(b)(1)(A)(iii), it is unlawful to place a call "using any automatic telephone dialing system or an artificial or prerecorded voice" to a telephone number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii). There are three elements: To state a claim under the TCPA for calls made to a cellular phone, a plaintiff must establish that: (1) a call was placed to a cell or wireless phone, (2) by the use of any automatic dialing system and/or leaving an artificial or prerecorded message, and (3) without prior consent of the recipient.Pugliese, 2010 U.S. Dist. LEXIS 64111, 2010 WL 2632562, at *7 (citing 47 U.S.C. § 227(b)(1)(A).Here, Brown alleges that, within one year before her filing the Complaint, Hosto used an automatic telephone dialing system to call Brown's cellular telephone number in an effort to collect a debt she owed. (Compl. ¶¶ 11-12.) When presented with similar factual allegations, courts have denied motions to dismiss. See Reyes v. Saxon Mortg. Servs., Inc., No. 09cv1366, 2009 U.S. Dist. LEXIS 125235, 2009 WL 3738177, at *4-5 (S.D. Cal. Nov. 5, 2009) (denying motion to dismiss where plaintiff alleged that defendant "frequently made calls to Plaintiff's cell phone using an automatic telephone dialing system (including an automated dialing machine, dialer, and auto-dialer) and an artificial or prerecorded voice"); see also Greene v. DirecTV, Inc., No. 10 C 117, 2010 U.S. Dist. LEXIS 37045, 2010 WL 1506730, at *2 (N.D. Ill. Apr. 14, 2010) (denying motion to dismiss); Kazemi v. Payless Shoesource Inc., No. C 09-5142, 2010 U.S. Dist. LEXIS 27666, 2010 WL 963225, at *3 (N.D. Cal. Mar. 16, 2010) (denying motion to

TCPA is that the Defendant left voicemail messages at a number assigned to a cellular telephone service using an automatic dialing system or an artificial or pre-recorded voice. See *Manfred v. Bennett Law,* 2012 U.S. Dist. LEXIS 173935 The court stated" The only thing Plaintiff must plead to establish a violation of the TCPA is that the Defendants left voicemail messages at a number assigned to a cellular telephone service using an automatic dialing system or an artificial or pre-recorded voice. The court also noted "Contrary to Bennett Law's contention, Plaintiff need not allege his specific cellular telephone number. The statute simply states that the call must be made to "any telephone number assigned to a . . . cellular telephone service." Bennett Law has provided no authority to support its position that Plaintiff's complaint must disclose Plaintiff's cell phone number."

The most egregious deception opposing counsel frivolously tried to pull on the court was the following statement made in his letter which states:

"*See, Bentley v. Bank of America, 773F. Supp.2d 1367, 1374 (S.D. Florida 2011) where the court held, that the plaintiff's allegation that the defendant used an automatic dialer to "place numerous telephone calls to the plaintiff's cellular telephone" failed to give the defendant adequate notice of the precise nature of the violation claimed.*

Contrary to defendant's representations, in fact *Bentley* did not state that the plaintiff's allegation that the defendant used and automatic dialer to "place numerous telephone calls to the plaintiff's cellular telephone" failed to give the defendant adequate notice of the precise nature of the violation claimed.

Rather in *Bentley v. Bank of Am., N.A.,* 773 F. Supp. 2d 1367, 1374-1375, 2011 U.S. Dist. LEXIS 34600 (S.D. Fla. 2011) The court stated "**Plaintiff alleges that Defendants "used an automatic telephone dialing system or prerecorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone."... However, nowhere in the Complaint does Plaintiff identify which Defendant made each call, but instead he simply lumps the Defendants together despite that they are separate and distinct legal entities. As such, the Court finds that to the extent Plaintiff attempts to assert a claim against Defendants under 47 U.S.C. § 227(b)(1)(A) in count III, such a claim is dismissed without prejudice for improperly lumping together Defendants such that Defendants do not have fair notice of the precise nature of the violation that is claimed against them.** (Emphasis added)

Not only did defendant misrepresent the holding in *Bentley*, it is settled law[3] that in TCPA cases it is

dismiss). Although not overwhelmingly detailed, Brown's factual allegations state a plausible claim for relief under 47 U.S.C. § 227(b)(1)(A)(iii). See Erickson, 551 U.S. at 93. Therefore, Hosto's Motion to Dismiss Brown's 47 U.S.C. § 227(b)(1)(A)(iii) claim is DENIED.) *Zehala v. Am. Express,* 2012 U.S. Dist. LEXIS 65774, 12, 2012 WL 1657061 (S.D. Ohio May 9, 2012) (The court stated "To state a claim under the TCPA for calls made to a cellular phone, a plaintiff must establish that: (1) a call was made to a cell or wireless phone, (2) by the use of any automatic dialing system or an artificial or prerecorded voice, and (3) without prior express consent of the called party.") Zehala v. Am. Express, 2011 U.S. Dist. LEXIS 109697, 2011 WL 4484297 (S.D. Ohio Sept. 26, 2011) (Same) *Harper v. Credit Control Servs.,* 2012 U.S. Dist. LEXIS 70403, 10 (D. Mass. Apr. 9, 2012) (The court followed Brown v. Hosto & Buchan, PLLC, 748 F. Supp. 2d 847, 859 (W.D. Tenn. 2010) (quoting Pugliese v. Professional Recovery Service, Inc., No. 09-12262, 2010 U.S. Dist. LEXIS 64111, 2010 WL 2632562, at *7 (E.D. Mich. June 29, 2010)) and stated "A claim under the TCPA requires a plaintiff to prove that: "(1) a call was placed to a cell or wireless phone, (2) by the use of an automatic dialing system and/or leaving an artificial or prerecorded message, and (3) without prior consent of the recipient." ".)

3 *Torres v. Nat'l Enter. Sys.,* 2012 U.S. Dist. LEXIS 110514, 10-11, 2012 WL 3245520 (N.D. Ill. Aug. 7, 2012) (The court stated " NES argues that the amended complaint lacks sufficient details to plausibly suggest that NES used an automatic telephone dialing system. ... NES, however, is seeking to address evidentiary issues that are premature at this juncture. ... Torres' allegations indicate that an "automatic telephone dialing system or an artificial or prerecorded voice" was used by NES, which is sufficient at this juncture. Id. Nor would it even be reasonable to hold plaintiffs in TCPA cases to the standard proposed by NES since it would be virtually impossible, absent discovery, for any plaintiff to gather sufficient evidence regarding the type of machine used for a communication left on a plaintiff's voicemail. Under such a standard, defendants such as NES would be virtually immune to TCPA claims, which clearly is not what was intended by Congress in creating the TCPA. See, e.g., Satterfield, 569 F.3d at 954. Thus, Torres has stated a valid TCPA claim, and the motion to dismiss the TCPA claim is denied.") *Stabile v. United Recovery Sys., L.P.,* 2011 U.S. Dist. LEXIS 135080, 3-4, 2011 WL 5578981 (E.D.N.Y Nov. 16, 2011) The court stated "The defendant appears to argue that because the plaintiff has provided no "facts or evidence" that the defendants used autodialer technology, her TCPA claim must fail. The suggestion that the plaintiff must produce "evidence" at this point in the litigation, where discovery has barely begun, is misplaced. The plaintiff's complaint alleges that the defendants used an automatic telephone dialing system to repeatedly dial her cell phone number, which she alleges they obtained by trickery. See Complaint, ¶¶ 21, 24, 28. While the plaintiff does not provide a great deal of detail about the alleged use of automatic dialing, she does not need to do so to meet the Rule 12 standards of plausibility. It is quite plausible that multiple phone calls to the same number could have been placed using automatic rather than manual dialing techniques. The plaintiff does not have to "prove" at this time that an automatic dialer was used.

unreasonable to hold plaintiffs to a standard which would mandate sufficient details to plausibly suggest that a defendant used an automatic telephone dialing system since it would be virtually impossible, absent discovery, for any plaintiff to gather sufficient evidence regarding the type of machine used for a communication left on a plaintiff's voicemail. Under such a standard, defendants would be virtually immune to TCPA claims, which clearly is not what was intended by Congress in creating the TCPA

Most importantly, the factual record in this case clearly shows that the letter request for a pre-motion conference in this case is so patently meritless that it should never have been made. It has wasted the court's time and wasted the time of counsel for the plaintiff. Given the clear lack of merit to the only argument the defendant has made in its letter the court should construe the defendant's letter as a motion to dismiss and deny the motion.

Thank you for the Court's consideration of the foregoing.  Plaintiff hopes that the Court will accept the length of the letter. Due to the circumstances herein, we felt compelled to exceed the three page limit.


Yours faithfully,


Adam J. Fishbein

Cc:  Kenneth Elan, Esq.